IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HITOSHI YOSHIKAWA,<br><br>                Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF HONOLULU;<br>TROY K. SEGUIRANT; GREG<br>TALBOYS; AGT CONSTRUCTION,<br>LLC; & JAMES A. SCHMIT,<br><br>             Defendants. | CIVIL NO. 18-00162 JAO-RT<br><br>**ORDER DENYING PLAINTIFF HITOSHI YOSHIKAWA'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TROY K. SEGUIRANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; GRANTING IN PART AND DENYING IN PART DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; AND DENYING PLAINTIFF HITOSHI YOSHIKAWA'S MOTION FOR PARTIAL SUMMARY JUDGMENT ENTERED ON 1/6/2021** |

**ORDER DENYING PLAINTIFF HITOSHI YOSHIKAWA'S MOTION FOR
RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT TROY K. SEGUIRANT'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT; GRANTING IN PART
AND DENYING IN PART DEFENDANT CITY AND COUNTY OF
HONOLULU'S MOTION TO DISMISS PLAINTIFF'S SECOND
AMENDED COMPLAINT; AND DENYING PLAINTIFF HITOSHI
YOSHIKAWA'S MOTION FOR PARTIAL SUMMARY JUDGMENT
ENTERED ON 1/6/2021**

On January 6, 2021, the Court issued an Order Granting in Part and Denying in Part Defendant Troy K. Seguirant's Motion to Dismiss Plaintiff's Second Amended Complaint; Granting in Part and Denying in Part Defendant City and County of Honolulu's Motion to Dismiss Plaintiff's Second Amended Complaint; and Denying Plaintiff Hitoshi Yoshikawa's Motion for Partial Summary Judgment (the "January 6 Order"). ECF No. 179. Plaintiff Hitoshi Yoshikawa ("Plaintiff") now moves for reconsideration of the January 6 Order. ECF No. 187 (the "Motion"). Pursuant to Rule 7.1(d) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii ("Local Rules"), the Court decides this matter without a hearing. For the following reasons, Plaintiff's Motion is DENIED.

## I.      LEGAL STANDARD

Local Rule 60.1 governs motions for reconsideration, which are disfavored, and provided three grounds for reconsideration of interlocutory orders:

> (a) Discovery of new material facts not previously available;
> (b) Intervening change in law; and/or

(c) Manifest error of law or fact.

Local Rule 60.1.

Courts within the Ninth Circuit require that a successful motion for reconsideration accomplish two goals.  "First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision. Second, the motion must set forth facts or law of a 'strongly convincing' nature to induce the court to reverse its prior decision."  *Jacob v. United States*, 128 F. Supp. 2d 638, 641 (D. Haw. 2000) (citing *Decker Coal Co. v. Hartman*, 706 F. Supp. 745, 750 (D. Mont. 1988)).  Mere disagreement with a court's analysis in a previous order is not a sufficient basis for reconsideration.  *See White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572 (D. Haw. 1988)); *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

## II.    DISCUSSION

Plaintiff argues that the Court erred in dismissing Plaintiff's claim for equitable estoppel (Count Six of the Second Amended Complaint ("SAC"), ECF No. 79) without prejudice and denying Plaintiff's Motion for Partial Summary

Judgment, ECF No. 130, as moot.  *See* ECF No. 187 at 6.  Specifically, Plaintiff argues that the Court erred in holding that it lacks jurisdiction over Count Six under the exhaustion of administrative remedies doctrine because Plaintiff and his agents did not receive a copy of the BBA Order within the thirty-day window during which they could have appealed the BBA Order in state court.

Plaintiff previously argued that he was not required to exhaust administrative remedies before challenging the BBA Order in federal court.  *See* ECF No. 164.  In the Motion, however, Plaintiff does not dispute that he was required to exhaust administrative remedies before filing suit.  *See generally* ECF No. 187 at 9–11.  Instead, Plaintiff's sole argument—which he already raised in his supplemental brief in response to Defendants' motions—is that he should be excused from exhausting administrative remedies because the BBA mailed the BBA Order to an outdated address for Defendant James A. Schmit (Plaintiff's architect and the petitioner in the BBA proceeding) ("Schmit").[1]  ECF No. 187 at 9 (citing ECF No. 79 ¶¶ 101, 103–06); ECF No. 164 at 3 & n.1.

Plaintiff is correct that "exhaustion *can* be waived if the court finds that administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the

---

[1] In the SAC, Plaintiff alleges that the BBA Order was also sent to Plaintiff's former counsel's former address.  ECF No. 79 ¶ 105.

administrative proceedings would be void." ECF No. 187 at 10 (internal quotation marks and emphases omitted) (quoting *Habibi v. Barr*, No. 20-cv-00618-BAS-RBB, 2020 WL 2097613, at *3 (S.D. Cal. May 1, 2020)). Plaintiff, however, has not persuaded the Court that it should excuse his failure to exhaust administrative remedies. Plaintiff has made clear that he and his agents did not receive the BBA Order in time to file a timely appeal. But Plaintiff at no point indicated that the BBA is at fault for sending the BBA Order to outdated addresses for Schmit (and Plaintiff's former counsel). Plaintiff simply alleges that the BBA Order "was sent to an old address for . . . Schmidt [sic]," ECF No. 79 ¶ 104, and that "the address that was used to notify Plaintiff's prior counsel of the Order was also outdated," *id.* ¶ 105. This raises the obvious question: who is at fault for these errors? At no point has Plaintiff alleged that Schmit and/or his former counsel notified the BBA of their respective address changes—not in the SAC, not in the moving papers preceding the January 6 Order, and not in the Motion. In fact, at the hearing preceding the January 6 Order, Plaintiff's counsel confirmed that the SAC did not identify who was at fault for these errors and that Plaintiff's former counsel had operated under the assumption that the BBA had not issued its order.

If Plaintiff's agents had notified the BBA of their respective address changes and the BBA nevertheless sent its order to their old addresses, this would be a different case. And the Court trusts that if this is what had occurred, Plaintiff

would have stated as much.  But Plaintiff has stated nothing of the kind, despite having multiple opportunities to do so.

In the same vein, upon receiving a copy of the BBA Order, Plaintiff made no attempts to appeal it—Plaintiff neither filed an appeal nor sought an extension of the appeal deadline.

Accordingly, the Court declines to excuse Plaintiff from exhausting his administrative remedies.

//

//

//

//

//

//

//

//

//

//

//

//

### III.    CONCLUSION

For the reasons set forth above, the Court hereby DENIES Plaintiff Hitoshi Yoshikawa's Motion for Reconsideration of Order Granting in Part and Denying in Part Defendant Troy K. Seguirant's Motion to Dismiss Plaintiff's Second Amended Complaint; Granting in Part and Denying in Part Defendant City and County of Honolulu's Motion to Dismiss Plaintiff's Second Amended Complaint; and Denying Plaintiff Hitoshi Yoshikawa's Motion for Partial Summary Judgment Entered on 1/6/2021.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, February 3, 2021.

Jill A. Otake
United States District Judge

Civil No. 18-00162 JAO-RT, *Yoshikawa v. City and County of Honolulu*, ORDER DENYING PLAINTIFF HITOSHI YOSHIKAWA'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TROY K. SEGUIRANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; GRANTING IN PART AND DENYING IN PART DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; AND DENYING PLAINTIFF HITOSHI YOSHIKAWA'S MOTION FOR PARTIAL SUMMARY JUDGMENT ENTERED ON 1/6/2021